UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PEGGY DENISE WEST                                                                              PLAINTIFF

V.                                                                  CIVIL ACTION NO. 3:23-CV-398-DPJ-FKB

BRADY PATE, DIRECTOR; MELLONY                                                         DEFENDANTS
HERNTON; COMPASS HEALTH CARE
COMPANY; AND MERIT HEALTH RIVER OAKS

ORDER

Defendants Compass Health Care Company, Director Brady Pate, and Mellony Hernton ask the Court to order pro se Plaintiff Peggy Denise West to arbitrate her employment-discrimination claims against them.[1]  Mot. [12].  As explained below, the Court grants their motion to dismiss and directs West to submit her claims against the moving defendants to arbitration.

I.      Facts and Procedural History

West's Complaint contains few facts, but her EEOC Charge states that she "was employed for Merit Health River Oaks through a contract from Morrison Healthcare as a Dietician" beginning in January 2022.  Compl. [1] at 5 (EEOC Charge).  West claims Defendants discriminated against her on the basis of her age, "replace[d her] with a younger person," and

---

[1] West named Compass Health Care Company as a defendant, but Compass says the correct corporate defendant is Compass Group USA, Inc.  Mot. [12] at 1.  The Court will refer to the moving entity as Compass.

treated her "different from the white employees." *Id.* at 2.  She sued Compass, Pate, Hernton, and Merit Health on June 23, 2023.[2]

Compass, Pate, and Hernton moved to dismiss and compel arbitration on September 18, 2023.  West failed to respond to the motion, and the time to do so under the local rules has now expired.

II.     Analysis

"A court can compel parties to arbitrate a dispute only if the parties agreed to do so." *Robinson-Williams v. C H G Hosp. W. Monroe, L.L.C.*, No. 21-30659, 2022 WL 3137422, at *1 (5th Cir. Aug. 5, 2022).  In deciding whether the parties agreed to arbitrate a dispute, the Court considers "(1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement."  *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998).  "[W]here competent evidence showing the formation of an agreement to arbitrate has been presented, § 4 [of the Federal Arbitration Act] requires a party resisting arbitration to produce *some* contrary evidence to put the matter 'in issue.'" *Gallagher v. Vokey*, 860 F. App'x 354, 357–58 (5th Cir. 2021) (quoting 9 U.S.C. § 4).

Defendants attached to their motion a Mutual Arbitration Agreement West digitally signed on December 9, 2021.  The agreement provides:

> I and Compass Group, USA, Inc. and its subsidiaries, sectors, affiliates, and divisions (collectively, "Compass Entities") mutually agree to utilize binding individual arbitration as the sole and exclusive means to resolves all legal claims between us, including without limitation those that may arise out of or be related to my employment, compensation, or termination of employment.  I and the

---

[2] It's unclear from the Complaint how Compass and its employees are related to Merit Health or Morrison Healthcare.  But Compass provided unrebutted evidence that it hired West in January 2022, Bailey Decl. [12-2] ¶ 7, and represents that Page and Hernton are its directors, officers, employees, or agents, Defs.' Mem. [13] at 2.

2

> Compass Entities waive our rights to bring a claim against the other in a court of law and in doing so, ***specifically waive our rights to a jury***.  Except as provided below, any clam, dispute, and/or controversy that I may have against the Compass Entities (or their directors, officers, employees, or agents), or that the Compass Entities may have against me, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"), except that if for any reason arbitration is unavailable under the FAA, then the law of the state in which I last worked for any of the Compass Parties shall govern this Agreement.  The FAA applies to this Agreement because my employer's business involves interstate commerce.
>
> . . . Nothing herein shall prevent me from filing and pursuing proceedings before the United States Equal Employment Opportunity Commission or similar state or local agency, but if I pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to arbitration.
>
> . . . .
>
> . . . [T]he arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the enforceability, applicability, or interpretation of this Agreement . . . .

Arbitration Agreement [12-1] at 2.  Because she did not respond to the motion, West has not come forward with any contrary evidence to put the existence of an arbitration agreement "in issue."  *Gallagher*, 860 F. App'x at 357–58 (quoting 9 U.S.C. § 4).  In short, Defendants have shown a valid agreement to arbitrate between them and West and that West's claims against them fall within the scope of that agreement.

The only question remaining is whether to dismiss the claims against Compass, Pate, and Hernton.  The Fifth Circuit has "held that district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3."  *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999).  Where "all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate."  *Id.* at 678.  Here, all issues raised as to the moving defendants are arbitrable, so dismissal without prejudice is appropriate.  *See Pride v. Ford Motor Co.*, 341 F. Supp. 2d 617, 623 (N.D. Miss. 2004) (dismissing case without prejudice where all claims were

arbitrable).

III.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  Compass, Pate, and Hernton's Motion to Dismiss and Compel Arbitration [12] is granted.  West must submit the claims against those defendants to arbitration consistent with their agreement, and those claims are dismissed without prejudice.  The claims against Merit Health remain pending.

**SO ORDERED AND ADJUDGED** this the 13th day of October, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
